IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) |
| LADY MOON FARMS CO. | ) |

**CONSENT DECREE AND ORDER**

AND NOW, the Court finds as follows:

1. This is an action brought by the United States of America, on behalf of its agency, Immigration and Customs Enforcement, seeking equitable relief pursuant to Title 8, United States Code, Section 1324a (f)(2), to enjoin, prevent and deter the employment of unauthorized aliens by Lady Moon Farms Co., and its subsidiaries, divisions, and affiliates (hereinafter "Lady Moon").

2. Title 8, United States Code, Section 1324a prohibits persons and entities from knowingly hiring, recruiting, or continuing to employ aliens who are not legally authorized under federal law to work within the United States. *See* 8 U.S.C. § 1324a(a)(1)-(2).

3. Lady Moon is a Pennsylvania corporation headquartered in Chambersburg, Pennsylvania. Lady Moon does organic produce farming and employs 75 people.

4. In 2007, enforcement actions undertaken by Special Agents of the Immigration and Customs Enforcement in the Middle District of Pennsylvania, documented that Lady Moon employees were hiring, recruiting, and employing unauthorized aliens and may have violated Title 8, United States Code, Section 1324a.

5. Following these enforcement actions, Lady Moon notified the United States of its intention to take steps to ensure company-wide compliance with all aspects of federal laws governing the employment of aliens.

6. Following a thorough investigation, the United States concluded that federal criminal proceedings against Lady Moon, its directors, officers, or shareholders would not be appropriate.

7. The United States and Lady Moon entered into a Stipulation in Compromise dated the 9th day of March 2009, which is a settlement resolving all criminal, civil, and administrative actions and is binding on all components of the United States Department of Justice and the Department of Homeland Security.

8. In accordance with the Stipulation in Compromise executed by the parties, it is ordered as follows:

    A. Lady Moon is permanently enjoined from knowingly hiring, recruiting, and continuing to employ aliens who are not legally authorized to work within the United States.

B. Lady Moon is directed to continue to cooperate with the United States in its investigation of alleged illegal employment practices. Lady Moon understands and agrees that complete and truthful cooperation is a material condition of this Agreement. Cooperation shall include providing all information known to Lady Moon regarding any criminal activity, involving employment of illegal aliens, including but not limited to the matters described in this Agreement. Cooperation will also include (i) complying with all reasonable instructions from the United States regarding interviews of Lady Moon personnel by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States and (ii) testifying fully and truthfully before any grand juries, hearings, trials, or any other proceedings where this testimony is deemed by the United States to be relevant.

C. Lady Moon is directed to maintain its own established, on-going and pre-existing program of taking reasonable steps to ensure that persons employed by Lady Moon are authorized to work within the United States, while continuing to ensure Lady Moon's

compliance with pertinent anti-discrimination laws.

D.     Lady Moon is directed to provide its site managers with training regarding their legal obligations to prevent the knowing hiring, recruitment, and continued employment of unauthorized aliens while complying with pertinent anti-discrimination laws.

E.     Lady Moon is directed to make a payment of $25,000 through the United States Attorney's Office to the Treasury Forfeiture Fund for the purpose of promoting future law enforcement programs and activities in this field by Immigration and Customs Enforcement.

F.     That the Consent Decree and Order entered in this matter terminate on the fourth anniversary of the date the Order is entered by the United States Court for the Middle District of Pennsylvania.

G.     This court retains jurisdiction to enforce this agreement, Consent Decree, and injunction.

SO ORDERED this _____ day of _____, 2009.

_____
United States District Judge